IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL VARELA-CASTILLO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1897-P |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Victor Manuel Varela-Castillo, a former federal prisoner, has filed an application for writ of habeas corpus seeking credit on his sentence for time served. For the reasons stated herein, the case should be dismissed without prejudice.

I.

Petitioner pled guilty to illegal reentry after removal from the United States and was sentenced to 38 months confinement. On July 8, 2008, petitioner wrote a letter to the clerk asking for credit on his sentence from January 23, 2004, the date of his arrest. The court treated the letter as an application for writ of habeas corpus and directed the clerk to open a new case. On October 7, 2009, the court mailed petitioner a form habeas application and ordered him to file the application and a motion to proceed *in forma pauperis* within 30 days. Petitioner failed to comply with the order. On November 17, 2009, another form habeas application was mailed to petitioner at the Eden Detention Center--the address provided in his letter to the clerk. Six days later, on November 23, 2009, the unopened envelope containing the form habeas application was returned to the clerk with

the handwritten notation, "RTS. Released." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a form habeas application to petitioner at the Eden Detention Center--the only address provided by him. However, petitioner is no longer incarcerated at that facility and has not provided the court with his current address.[1] Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station*, No. 3-08-CV-2294-L, 2009 WL 464237 at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide court with current address).

---

[1] The court has confirmed through the Bureau of Prisons online inmate locator that "Victor Manuel Varela," with the same inmate identification number as petitioner, was released from federal custody on September 17, 2009.

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE